LEICHT ET AL. v. THE CITY OF BURLINGTON.

1. **Taxation**: EXEMPTION OF TEN-ACRE LOTS IN CITIES: CONSTITUTIONALITY. Section 4 of chapter 47 of the Laws of 1876, as amended by § 5 of chapter 169 of the Laws of 1878, exempting from municipal taxation lots of more than ten acres included within terrritory annexed to a city or town under the chapter first above named, while subjecting lots of ten acres or less to taxation for municipal purposes, is not repugnant to Art. 1, § 6, of the constitution of Iowa, providing that all laws of a general nature shall have a uniform operation; and that the general assembly shall not grant to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

*Appeal from Des Moines Circuit Court.*

THURSDAY, OCTOBER 20.

THE plaintiffs, Fred Leicht, H. Ritter, N. Liebarth and Charles Kahle, each owns and resides upon a lot in the city of Burlington, and each has paid city taxes upon his lot for several years. Having concluded that their lots are not subject to taxation for city purposes, they bring this action for a decree declaring the taxing of their lots void, and they pray judgment in their behalf for the several amounts paid by them. The court granted the relief prayed for, and defendant appeals.

*Seerley & Clark*, for appellant.

*Hall & Huston*, for appellees.

ADAMS, CH. J.—The plaintiffs' lots are embraced within a tract of land which was brought within the city limits under the provisions of chapter 47 of the acts of the Sixteenth General Assembly. The plaintiffs' position is that the taxes were levied under that act; that it is, however, unconstitutional and void, at least so far as its provision in respect to taxation is concerned; and that the taxing of the lots is accordingly void; and that the taxes ought to be refunded. The act provided for the exemption from taxation of a certain class of lots, to-wit, those containing more than 10 acres, and used for agri-

cultural and horticultural purposes. The plaintiffs' lots contain each less than 10 acres. As to their use, it was shown that vegetables are raised upon all of them, and upon two of them corn. The plaintiffs claim that the act is unconstitutional in making any distinction in respect to the size of lots, and that, if this is so, it follows that the smaller ones are exempt, as well as the larger ones; and they concede that, unless the act is unconstitutional, their lots are taxable. The language of their counsel used upon this point is: "It is certainly clear that, by section 4 of the act above referred to, (as amended by chapter 169, Acts Seventeenth General Assembly,) certain lands of over 10 acres are absolutely exempt from taxation for municipal purposes; one of the prime tests being that there is over ten acres in the tract. It is equally clear that, under the provisions of that act, certain other tracts of precisely similar character, quality, situation relative to the city, etc., are absolutely taxable; the only division between the sheep and the goats being the ten-acre line." As the plaintiffs have thus plainly staked their right to relief upon establishing the unconstitutionality of the act, we proceed to determine it.

The plaintiffs contend that the act is in conflict with section 6, art. 1, of our constitution, which is in these words: "All laws of a general nature shall have a uniform operation. The general assembly shall not grant to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens." It is said that, in exempting lots of over 10 acres in size, and not exempting those of less size, of like character and situation, the act in question does not have a uniform operation, and that certain citizens are allowed privileges and immunities which do not belong to all. But this act was not made to apply to specific property, nor to specific persons. It was made to apply to a certain class of property, and to the owners of such property, whoever they might be. It is true that privileges and immunities cannot be granted to a class of citizens.

But those who happen to be owners of a certain class of prop·erty do not themselves become a class in any proper sense. They do not sustain a relation to each other, but a mere property relation. They are affected by the statute in consequence merely of the circumstances in which they happen to be. It was said in *Iowa Railroad Land Co. v. Soper*, 39 Iowa, 112: "If the law operates upon every person within the relations and circumstances provided for, it is sufficient." The principle involved appears to us to be not unlike what has been frequently decided. *McAunich v. Miss. & M. R'y Co.*, 20 Iowa, 338; *U. S. Express Co. v. Ellyson*, 28 Id., 370; *State v. Shroeder*, 51 Id., 197.

It is urged by the plaintiffs, to be sure, that the distinction which the legislature has attempted to make between lots containing more than 10 acres, and those containing 10 acres or less, is purely arbitrary, and that for this reason the act cannot be said to have a uniform operation, as it might if the larger lots as provided could be said to constitute a class, as distinguished from the smaller lots. As to this we think it may be said that the design of the legislature evidently was to exempt property which is used essentially for agricultural purposes. Where the limits of a city are extended so as to take in what is used essentially as a farm, there is much reason for exempting it from city taxes. But where the property is substantially residence property, as distinguished from agricultural, and valuable only as such whether improved or not, there is less reason, when it becomes city property, that it should be exempt from city taxes. The legislature seems to have thought that large lots brought within the city, and used for agricultural purposes do constitute a class, as distinguished from small lots, though agricultural products be grown upon them to some extent; and we think that it cannot be denied that the thought is correct. Proceeding manifestly upon this thought, it fixed the limit between what might be considered as belonging to one class and what to the other. This was necessary as a practical guide to the assessor. It is of

no use to consider the imperfection of the division.    Absolute justice in taxation is unattainable.

In our opinion the act in question is not unconstitutional, and the court erred in holding that the plaintiff's property is exempt from city taxes.                                 REVERSED.